**SOVRAN BANK/D.C. NATIONAL,**
Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 97–TX–2001.

District of Columbia Court of Appeals.

Argued May 20, 1999.

Decided June 24, 1999.

Herman B. Rosenthal, Baltimore, MD, for appellant.

Lutz Alexander Prager, Assistant Deputy Corporation Counsel, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before TERRY, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM:

Sovran Bank/D.C. National (Sovran) appeals from an order of the trial court denying Sovran a refund for franchise taxes paid by Sovran for the years 1989 and 1990. Sovran claims that it was entitled to a deduction for certain net operating losses (NOLs) pursuant to D.C.Code § 47–1803.3(a)(14) (1997) (the NOL statute), which provides as follows:

*Net Operating Losses.* In computing the net income of a corporation, an unincorporated business, or financial institu-

---

tion, there shall be allowed a deduction for net operating losses, in the same manner as allowed under 172 of the Internal Revenue Code of 1986 and as reported on any federal tax return for the same taxable period. . . .

During the period from 1986 to 1991, Sovran did not pay federal income taxes as an individual business. Instead, Sovran's parent company, exercising a privilege conferred by federal law, *see* 26 U.S.C. § 1501 (1988), elected to file, for those years, consolidated federal income tax returns for the parent, Sovran, and several other affiliates. In light of this consolidated filing, the trial judge held in this case that under the provisions of the NOL statute, which the judge found to be unambiguous, Sovran was not entitled to a deduction for net operating losses because no corresponding deduction had been reported by Sovran on a federal tax return for the same taxable period.

■ After the briefs in this case were filed, a division of this court decided *School Street Assocs. Ltd. Partnership v. District of Columbia,* 728 A.2d 575. (D.C. 1999). In *School Street,* the court held that an unincorporated association which was treated under federal law as a pass-through entity not subject to federal income tax, 26 U.S.C. § 701, and was thus ineligible to take a federal NOL deduction, was nevertheless entitled to a deduction in the District for net operating losses. The court rejected the contention that the NOL statute had the plain meaning as-

cribed to it by the District in both *School Street* and *Sovran* and by the trial judge in *Sovran,* namely, that a taxpayer is entitled to an NOL deduction on its District return only if that taxpayer has taken the same deduction on its federal return. Rather, the court held that a taxpayer may deduct a net operating loss on its District of Columbia return so long as that loss is reflected on its federal income tax return. *School Street,* 728 A.2d at 582.[1]

■ Counsel for the District candidly conceded at oral argument in *Sovran* that if *School Street* was correctly decided, then the trial court's decision in *Sovran* cannot be sustained. "The rule is fundamental in our jurisprudence that no division of this court will overrule a prior decision of this court." *Washington v. Guest Servs., Inc.,* 718 A.2d 1071, 1075 (D.C.1998) (quoting *M.A .P. v. Ryan,* 285 A.2d 310, 312 (D.C. 1971)) (internal quotation marks omitted). As individual judges, we may or may not believe that *School Street* correctly resolved the statutory issue in dispute here, but that matter must be left to the en banc process, should the court elect to grant rehearing en banc.[2] The decision of the trial court is therefore reversed, and the case is remanded for further, proceedings in light of this opinion and this court's earlier opinion in *School Street.*

*So ordered.*

■

1. The taxpayer's right to deduct a net operating loss in the District remains subject to the requirement that the deduction be taken in "the same manner as allowed under § 172 of the Internal Revenue Code." D.C.Code § 47–1803.3(a)(14).

2. The District of Columbia has filed a petition for rehearing or rehearing en banc in *School Street.* Counsel for the District suggested at oral argument in the present case that because the ruling in *School Street* is not yet final and no mandate has been issued, the rule of *M.A.P. v. Ryan* may not apply. Even if we were to assume that *School Street* is not technically binding on this division—an issue we do not decide—we should surely follow

the unanimous decision in *School Street* unless it is plainly wrong, which in our view it is not. The resolution of petitions for rehearing, rehearing en banc, and *certiorari* can sometimes take a long time, and legal finality is thus subject to significant delays. The simultaneous existence of irreconcilable opinions by panels of this court during such a potentially protracted period would not be in the interest of justice. We note that it is this court's practice to vacate division opinions only *after* the court has decided to rehear a case *en banc*; prior to that time, the panel opinions remain available for citation by this and other courts and by counsel.